UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WHO DAT YAT LLC                               CIVIL ACTION

VERSUS                                        NO: 10-1333

WHO DAT? INC.                                 SECTION: J (4)


### ORDER AND REASONS

Before the Court is Plaintiff's **Motion to Remand** (Rec. D. 6) and Defendant's **Motion to Transfer** (Rec. D. 12).  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's **Motion to Remand** (Rec. D. 6) is **DENIED** and Defendant's **Motion to Transfer** (Rec. D. 12) is **GRANTED**.

### I. BACKGROUND

This matter arises from a declaratory action bought by Plaintiff WHO DAT YAT LLC against WHO DAT? INC. In March 2007, Plaintiff received a certificate of good standing from the Louisiana Secretary of State using the name "WHO DAT YAT CHAT, LLC." Since then, Plaintiff avers that it has been current with all its filings with the state. Plaintiff plans to use this name to open a coffee shop in Violet, Louisiana in 2011.  On or about March 11, 2010, Plaintiff received a cease and desist letter from

1

WHO DAT? INC, Defendant in this action, advising Plaintiff that Defendant owned the Federal trademark to WHO DAT? and all its derivatives.

On March 23, 2010, Plaintiff filed this declaratory action in State Court seeking a declaration that it be allowed to operate under its registered name without facing any risk of a trademark violation.

Meanwhile on March 4, 2010 Defendant filed a complaint for damages, as well as declaratory and injunctive relief for misappropriation of "Who Dat" in the Middle District of Louisiana. Defendant filed its suit against several parties and the National Football League (hereafter "NFL") has intervened in the lawsuit.

On May 4 2010, Defendant removed the case from the Orleans Parish Civil District Court.

## II. PARTIES ARGUMENTS

In its Motion to Remand, Plaintiff argues that the case should be remanded back to State Court. Plaintiff points out that since both parties are Louisiana residents, there is no diversity jurisdiction. Plaintiff avers that there is no other basis for federal jurisdiction. Therefore, Plaintiff asks the Court to remand the case to State Court.

Defendant avers the case is properly in Federal Court . First, Defendant points out that the removal was not based on

diversity. Instead, argues Defendant, the removal was based on that fact that Plaintiff's suit involves the resolution of a federal question and pursuant to 28 USC 1331 & 1441(b) jurisdiction is vested in the Federal Courts to resolve this dispute. Defendant argues that since this case arises out of a cease and desist letter which is premised on federal trademark law, the case is most properly in Federal Court.

In its Motion to Transfer, Defendant argues that this case should be transferred to the Middle District of Louisiana to be consolidated with its other pending lawsuit since this case is substantially similar to the pending case in the Middle District. Furthermore, Defendant argues that the Court should apply the first to file doctrine which favors the Middle District case which was filed before this one. <u>West Gulf Maritime Ass'n v. ILA Deep Seal Local 24</u>, 751 F. 2d 721, 730 (5th Cir. 1985)

Plaintiff argues that this matter should not be transferred because the parties are all based in the Eastern District of Louisiana. Therefore, Plaintiff argues that the Eastern District is the most appropriate forum in which to adjudicate the claims.[1]

**III. LAW AND ANALYSIS**

**MOTION TO REMAND**

---

[1] Plaintiff mistakenly argues that the case should not be transferred to the *Western* District of Louisiana. However, Defendant is moving to have the case transferred to the *Middle* District.

After the removal of a matter to Federal Court, a plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir.1995); Webb ex rel. Groth v. City of Leland, Mississippi, 2004 WL 3092767, 1 (N.D. Miss. 2004). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir.1996); see Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109(1941).

Whether a claim arises under federal law so as to confer federal question jurisdiction under 28 U.S.C. § 1331 is governed by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The plaintiff is "the master of her complaint," and, as such, "[a] determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint." Medina v. Ramsey Steel Co., Inc. 238 F.3d 674, 680 (5th Cir. 2001)(citing Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 366 (5th Cir. 1995)). When a plaintiff has a

4

choice between federal and state law claims, she may proceed in state court "on the exclusive basis of state law, thus defeating the Defendant's opportunity to remove." Id. Thus, to support removal, the Defendant must show that a federal right is an essential element of the plaintiff's cause of action. Id.

The first step into any analysis for a motion to remand begins with an analysis of the complaint. In the present case, Plaintiff has cited no state law causes of action in its complaint. In fact, the complaint submitted by Plaintiff contains no reference to any specific laws with the exception of a reference to the fact that Defendant alleges that it is the owner of a "United States Federal Trade Mark Registration." Furthermore, Plaintiff indicates that "[a]t present, it is unclear who has superior rights (and to what extent) to the use of the phrase "Who Dat" or whether anyone has superior rights..." This appears to be at least an oblique reference to the pending action in the Middle District of Louisiana where Defendant has brought suit seeking enforcement of its federal trademark.

This lawsuit appears to be a reaction to threat of enforcement of federal rights. At least one Court in this district has found this to be sufficient to defeat a motion to remand. Brocato v. Angelo Brocato Ice Cream & Confectionery, Inc., 2003 U.S. Dist. LEXIS 15308 *4-5 (E.D. La. Aug. 22, 2003).

On the face of the complaint, therefore, this Court

concludes that Plaintiff clearly intends to adjudicate federal rights, the trademark, and is aware of pending Federal Court litigation attempting to do the same.

**MOTION TO TRANSFER**

Generally, the Fifth Circuit adheres to the "first-to-file" rule requiring dismissal or transfer of a subsequent action in favor of an action filed first in another venue and addressing the same subject matter, in order to avoid duplicative litigation in federal district courts. Save Power Ltd. v. Syntek Finance Corp., 121 F.3d 947 (5th Cir. 1997).  However, in certain compelling circumstances, the first action to be filed may be dismissed rather than the second one to be filed. British Borneo Exploration, Inc., et al. v. Enserch Exploration, Inc., 28 F.Supp.2d 999, 1007 (E.D.La. 1998) (vacated, 1999 WL 58285 (E.D.La. Feb. 1, 1999))(quoting Johnson Bros. Corp. v. International Brotherhood of Painters, 861 F.Supp. 28, 29 (M.D.La.1994). The court in which the first action was filed determines which of the two cases should proceed. Save Power, 121 F.3d at 950.  Here, this Court is called upon to determine whether the instant declaratory judgment action, which was filed first, should proceed or not.

Under the Declaratory Judgment Act, a federal district court "may declare the rights and other legal relations of any interested party seeking such declaration...." 28 U.S.C. § 2201(a). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286, 115 S.Ct. 2137, 2142 (1995). Courts have utilized a non-exclusive list of factors to determine whether to entertain a declaratory judgment action. These factors include: (1) whether there is a pending court action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; and (6) whether retaining the lawsuit ... would serve the purposes of judicial economy. Travelers Ins. Co., v. Louisiana Farm Bureau Federation, 996 F.2d 774, 778 (5 Cir.1993) (citations omitted).

Here again, the Court finds that it can easily conclude that the present action is substantially similar to the action pending in the Middle District of Louisiana. Both actions seek to define

the enforceability of Defendant's federal trademark. Furthermore, the Court concludes that there are no compelling circumstances which warrant a departure from the "first to file" doctrine.

Accordingly,

**IT IS ORDERED** THAT Plaintiff's **Motion to Remand** (Rec. D. 6) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's **Motion to Transfer** (Rec. D. 12) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case be **TRANSFERRED** to the Middle District of Louisiana for further adjudication there.

**IT IS FURTHER ORDERED** that **ORAL ARGUMENT** in this matter set for Wednesday June 9, 2010 is hereby **CANCELLED.**

New Orleans, Louisiana this 2nd day of June, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE